UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| LUIS T. J. LEAL, SR., | ) | Case No. 3:08 CV 1692 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| -vs- | ) | |
| | ) | |
| MASTER MEDIA ADVERTISING, et al., | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pro se Plaintiff, Luis T. J. Leal, brings this in forma pauperis action against Master Media Advertising and the AT&T Yellow Pages. Mr. Leal maintains that this court has jurisdiction based on asserted violations of 15 U.S.C. § 1051, 17 U.S.C. §§ 101, 102, 103 and "other jurisdiction the instant court may find appropriate." (Compl. at 1.) He seeks an order preventing defendants' use of the name "Toledo Sword Newspaper," directing the law enforcement community to hold a press conference to apologize for "allowing such conduct to exist," prosecuting Master Media for identity theft and the release of all records of "contacts, monies, political endorsements, statements which would substantiate further, racism." (Compl. at 2.) Finally, Mr. Leal seeks all monies

generated "from the use of the involved newspaper be turned over to the plaintiff," as well as $24,000,000 in damages from the defendants.

## BACKGROUND

Mr. Leal asserts he retains the rights to the name "the Toledo Sword newspaper." As such, he claims the defendants have violated his statutory rights by listing the name in the AT&T Yellow pages newspaper section. His secondary argument is that the "stories, credits, contacts, political endorsements, leadership, monies thereof, do not belong to the defendants." (Compl. at 1.)

## STANDARD OF REVIEW

Pro se pleadings are liberally construed. Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972). A district court is required to dismiss an action under 28 U.S.C. §1915(e), however, if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## FAILURE TO STATE A CLAIM

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most

2

successful strategies for a party." Id. at 1278. Moreover, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Even liberally construing Mr. Leal's claims, the Court cannot identify a valid cause of action. The assertions of "identity theft" in Mr. Leal's complaint are not protected by either trademark or copyright laws.

CONCLUSION

Accordingly, this action is dismissed under section 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
U. S. DISTRICT COURT